**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

HICHAM AZKOUR,                                    Civil Action No.: 09-5280 (PGS)

        Plaintiff,

v.                                               **MEMORANDUM ORDER**

LOIS ARIA, et al.,

        Defendants.

This matter comes before the Court on two motions to dismiss submitted by (1) Defendants City of Jersey City, Jersey City Police Department, Police Officer Larry Martin, Police Officer Michael Stise, Police Officer Anthony Silver, and Police Officer Andrea Fahrenholz (collectively "Jersey City Defendants") (ECF No. 20.) and (2) Defendants Gaetano Gregory, Lois Aria, and the Hudson County Prosecutor's Office (collectively "Hudson County Defendants") (ECF No. 31.). The motions seek to dismiss the complaint filed by Plaintiff Hicham Azkour (Plaintiff). For the reasons to be set forth in this oral opinion, the motions to dismiss are granted.

## I.      BACKGROUND

On August 29, 2005, Plaintiff rented a room in a building in Jersey City (hereinafter "Jersey City Property") from Defendant Anastasio Stamatiou. Plaintiff and Stamatiou quarreled over the payment of rent on several occasions. On October 7, 2005, Stamatiou requested that Jersey City Police Officers Stise and Fahrenholz respond to the Jersey City Property. When Stamatiou knocked on Plaintiff's door, in the presence of the police officers, Plaintiff responded to Stamatiou that if

1

Stamatiou did not stop harassing Plaintiff, he would "blow up the building" with Stamatiou in it. As a result, Plaintiff was taken into custody by the police officers.

Shortly thereafter, Stamatiou filed a complaint against Plaintiff for harassment; however, Stamatiou voluntarily withdrew the complaint against Plaintiff and the case was dismissed on June 27, 2007.

On September 29, 2006, about a year after the incident at the Jersey City Property, Plaintiff filed a motion for leave to file a late Notice of Claim against the City of Jersey City and the individual police officers.   Jersey City opposed the motion, arguing that "extraordinary circumstances" did not exist to permit Plaintiff's filing of a late claim.  On October 26, 2006, the Honorable John A. Shaughnessy, J.S.C. denied Plaintiff's motion for leave to file a late notice of claim.  The Court also ruled that any complaints filed or about to be filed by Plaintiff related to the New Jersey Tort Claims Act, *N.J.S.A.* 59:8-4 et seq., were dismissed.

On October 20, 2006, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division against the City of Jersey City and the individual police officers.  The complaint alleged that the Jersey City Defendants failed to provide him with police protection on October 7, 2005. On December 15, 2006, the Court granted the Jersey City Defendants' motion to dismiss the complaint in lieu of an answer against the Jersey City Defendants.

On or about April 4, 2007, Plaintiff filed a complaint in the United States District Court for the District of New Jersey, in which he set forth allegations related to the October 7, 2005.  That matter was assigned Civil Action No. 07-1568 (hereinafter the "'07 Action").  The '07 Action did not name any Jersey City Defendants or the Hudson County Prosecutor's Office, but it did name Hudson County Defendants Aria and Gregory.  Plaintiff later moved to amend the complaint to add

the Jersey City Defendants, but the Court denied the motion. By way of Order dated June 30, 2008, the District Court dismissed the '07 Action pursuant to Federal Rule of Civil Procedure 37(b) for failure to comply with the Court's discovery orders. The Court of Appeals for the Third Circuit affirmed the District Court's judgment by opinion, dated May 12, 2009 (Appellate Docket No. 08-3133).

On October 7, 2009, Plaintiff filed the instant complaint with the United States District Court for the Eastern District of New York. The matter was transferred to the District Court of New Jersey by way of Transfer Order, dated October 15, 2009. On December 12, 2009, the Honorable Faith S. Hochberg granted Plaintiff's application to proceed *in forma pauperis*; the Plaintiff is representing himself *pro se*. Plaintiff's complaint appears to allege, *inter alia*, (1) violations under the New Jersey Constitution and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 et seq., for malicious prosecution and deprivation of rights; (2) various causes of action under 42 U.S.C. § 1981; (3) various causes of action under 42 U.S.C. § 1983; (4) violation of 42 U.S.C. § 2000d et seq.; (5) denial of equal protection of the law as guaranteed by the Fourteenth Amendment; (6) failure to implement fair, non-discriminatory law enforcement policies, procedures, standards, and customs; (7) retaliation; (8) harassment; (9) aggravated assault; (10) bias intimidation; (11) conspiracy; (12) criminal coercion; (13) illegal entry and detainer; and (14) intentional infliction of emotional distress.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 55 U.S. at 555). While the factual allegations in a complaint must be accepted as true, such treatment is "inapplicable to legal conclusions." *Id.* When evaluating a motion to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim." *Lum*, 361 F.3d at 222 n.3 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) and *Pension Benefit Guar. Corp.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

## III.   DISCUSSION

### A.   Jersey City Defendants' Motion to Dismiss

The gravamen of Plaintiff's alleged claims against the Jersey City Defendants is that on October 7, 2005, the Jersey City Defendants falsely arrested Plaintiff and failed to provide him with police protection from Defendants Stamatiou and his son. However, Plaintiff's claims are not viable as they are time-barred.

First, Plaintiff's 42 U.S.C. § 1981 claims are time-barred. "Section 1981 does not provide a private right of action against a state actor." *Barroso v. N.J. Transit Corp.*, No. 07-3978 (WHW), 2011 U.S. Dist. LEXIS 3467, *9 (D.N.J. Jan. 13, 2011) (citation omitted). Rather, the exclusive

4

remedy for relief for state actor violations of civil rights, including race discrimination, is afforded by 42 U.S.C. § 1983. *Id.*; *see also Ford v. Pennsylvania Trans. Auth.*, 374 F. App'x 325, 326 (3d Cir. 2010); *McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009). Therefore, Plaintiff's § 1981 claims will be treated as § 1983 claims. *Gilmore v. W. Orange Police Officer*, No. 09-5956 (DRD), 2010 U.S. Dist. LEXIS 35058, *17-18 n. 4 (D.N.J. Apr. 9, 2010).

Second, Plaintiff's 42 U.S.C. § 1983 claims are time-barred. Congress did not set forth a statute of limitations to govern §1983; rather, Federal Courts look to the relevant state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). Actions filed under § 1983 are governed by the limitations period applicable to the state's personal injury claims. *Id.* at 276-78. Additionally, the civil rights and tort claims that are alleged in the case at bar are characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Id.* In this case, although the complaint was filed in New York, it was transferred to New Jersey under 28 U.S.C. § 1406(a), and the application of New Jersey law is proper. *Markey v. Fastuca*, No. 05-1450 (WGB), 2006 U.S. Dist. LEXIS 10480, *10 (D.N.J. Feb. 23, 2006) ("Whenever the original venue is improper, so that transfer is under § 1406(a), the transferee court should apply whatever law it would have applied had the action been properly commenced there." (citation omitted)). Therefore, New Jersey's two year statute of limitations for a personal injury action applies. *Barroso v. N.J. Transit Corp.*, No. 07-3978 (WHW), 2011 U.S. Dist. LEXIS 3467, *10 (D.N.J. Jan. 13, 2011) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). Because Plaintiff filed his Complaint on October 6, 2009, more than two years after his claim accrued on October 7, 2005, Plaintiff's §§ 1981 and 1983 claims are time barred.

Third, Plaintiff's 42 U.S.C. § 1983 claim for malicious prosecution is time barred. Even though Plaintiff's malicious prosecution claim did not accrue until the criminal complaint against Plaintiff was dismissed on June 27, 2007, the filing of the instant complaint on October 6, 2009, is beyond the two year limitation period. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

Fourth, Plaintiff's claims under the New Jersey Civil Rights Act are barred by a two year limitation period. *See Owens v. Feigin*, 194 N.J. 607, 611-12 (2008).

Fifth, Plaintiff's 42 U.S.C. § 2000d claim against the Jersey City Defendants is also dismissed as time barred because it is governed by New Jersey's two year personal injury statute of limitation. *See Bougher v. Univ. of Pittsburg*, 882 F.2d 74, 77-78 (3d Cir. 1989).

Sixth, Plaintiff's common law tort actions for malicious prosecution, false arrest, false imprisonment, and intentional infliction of emotional distress must be dismissed because Plaintiff failed to file a mandatory and timely notice of claim as required by the New Jersey Tort Claims Act. *See* N.J.S.A. 59:8-8. In addition, the Tort Claims Act has a two year statute of limitation and a claim under the Tort Claims Act accrues on the date of the incident that gives rise to the injury. *See id.* Therefore, Plaintiff's claims ran on October 7, 2007, almost two years before he filed the instant complaint.

Finally, Plaintiff's claim that the Jersey City Defendants failed to provide him with police protection is dismissed. The claim is covered by the Tort Claims Act; thus, it is dismissed for failure to timely notice the claim and for expiration of the two year statute of limitations. Moreover, N.J.S.A. 59:5-4 entitles the Jersey City Defendants to immunity. *See* N.J.S.A. 59:5-4 ("Neither a public entity nor a public employee is liable for failure to provide police protection service or, if police protection is provided, for failure to provide sufficient police protection service.").

In conclusion, the Jersey City Defendants' motion to dismiss is granted. The Complaint is dismissed with prejudice as it pertains to the Jersey City Defendants.

**B.      Hudson County Defendants' Motion to Dismiss**

As a threshold matter, the Hudson County Defendants assert that Plaintiff's complaint is barred as *res judicata* and must be dismissed in its entirety. The Hudson County Defendants maintain that the '07 Action, which named Defendants Aria and Gregory and was dismissed pursuant to Rule 37(b), bars the instant action. The Court agrees.

*Res judicata* applies when there has been "(1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 172-73 (3d Cir. 2009) (citation omitted).

Considering the first prong of the analysis for *res judicata*, the Rule 37(b) dismissal operates as a dismissal on the merits. *See Goel v. Heller*, 667 F. Supp. 144, 150 (D.N.J. 1987). In *Goel*, then District Court Judge MaryAnne Trump Barry explained that the effect of an involuntary dismissal under Rule 37(b) is set forth in Rule 41(b), which provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." In dismissing Plaintiff's complaint in the '07 Action, neither the District Court nor the Third Circuit used any such language. In addition, it is clear that the '07 Action was dismissed for Plaintiff's failure to comply with discovery orders; thus, there is no doubt that the '07 dismissal was unrelated to lack of jurisdiction, improper venue, or a failure to join a party. Therefore, the '07 Action was adjudicated on the merits and the first prong of the analysis for *res*

*judicata* is satisfied.

The second prong of the analysis is also satisfied. The '07 Action named both Aria and Gregory as defendants. Although the complaint in the '07 Action did not name the Hudson County Prosecutor's Office as a defendant, both Aria and Gregory were employed by the Hudson County Prosecutor's Office at that time. Therefore, the Hudson County Prosecutor's Office stands in privity with both Aria and Gregory as it is their employer. *See Rodriguez v. Beyer*, 809 F. Supp. 1164, 1167 (D.N.J. 1992) (finding Department of Corrections had sufficient identity with employees named in prior action to support finding of claim preclusion). The second prong of the *res judicata* analysis is satisfied.

Finally, the third prong of the *res judicata* analysis is also satisfied because the suit at hand is based on the same events alleged in the '07 Action. Whether two events are based on identical causes of action turns on "the essential similarity of the underlying events giving rise to the various legal claims." *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (internal quotation marks and citations omitted). The material facts alleged in the '07 Action – primarily, the events of October 7, 2005 – are the same material facts alleged in the case at bar.

It is also important to note that it is of no moment that Plaintiff has added new causes of action to the case at hand. Claim preclusion gives dispositive effect to a prior judgment if a particular issue, although not litigated, was capable of being raised in the earlier proceeding. *See Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1086 (3d Cir. 1988) ("The doctrine of res judicata precludes the relitigation of matters based on the same cause of action that were or could have been raised in a prior proceeding.").

Plaintiff's complaint against the Hudson County Defendants is barred based on the doctrine

8

of *res judicata*. In addition, Plaintiff's complaint against the Hudson County Defendants is time-barred for the reasons discussed *supra* in Section III. A. of this Opinion. Accordingly, the Complaint is dismissed with prejudice as to the Hudson County Defendants.

## IV.   CONCLUSION

For the reasons stated above, IT IS on this 14th day of February 2011, ORDERED that the Jersey City Defendants' motion to dismiss (ECF No. 20.) is granted and that the Hudson County Defendants' motion to dismiss (ECF No. 31.) is granted.

_____

PETER G. SHERIDAN, U.S.D.J.

February 14, 2011

9